MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
32 Broadway, Suite 811
New York, NY 10004
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KEMAR R. WHYTE, and K.W., an infant, by his Father and Natural Guardian, KEMAR R. WHYTE,**<br><br>                           **Plaintiffs,**<br><br>v.<br><br>**City Of New York, NYPD Officer MARIO GUERRERO, NYPD Officer JONATHAN BOURNE, NYPD Officer YMERI ARDIT and NYPD SGT. GEORGE TAYLOR,**<br>                           **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>**Civ. No.: 18-cv- 3608 (ARR) (JO)** |

Plaintiffs KEMAR R. WHYTE and K.W., an infant, by his Father and Natural Guardian, KEMAR R. WHYTE, individually, by their attorney, MICHAEL J. REDENBURG, ESQ., P.C., complaining of the defendants, respectfully alleges as follows:[1]

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violation of their civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

**JURISDICTION**

---

[1] "K.W." represents the initials of the minor Plaintiff, whose name has been redacted in accordance with Federal Rule 5.2(a)(3).

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## DEMAND FOR A JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff KEMAR R. WHYTE is a citizen of the United States, and at all relevant times was a resident of Brooklyn, New York. KEMAR R. WHYTE is the Father and Natural Guardian of plaintiff, K.W., who at the time of the incident, was approximately nine (9) years of age.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, NYPD Officer MARIO GUERRERO, NYPD Officer JONATHAN BOURNE, NYPD Officer YMERI ARDIT and NYPD SGT. GEORGE TAYLOR, were duly sworn police officers

of said department and were acting under the supervision of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment of defendant CITY OF NEW YORK.

## **FACTS[2]**

12. On or about February 21, 2018, in the late afternoon, Plaintiff KEMAR R. WHYTE was lawfully operating a motor vehicle on Utica Avenue, near or about Avenue H, in Brooklyn, NY. Mr. Whyte's nine (9) year old son, K.W., was in the car in the back seat.

13. Plaintiff KEMAR R. WHYTE noticed an unmarked car in his rearview mirror and said vehicle's lights signaled Plaintiff to pull over to the side of the road, which Plaintiff did.

14. Two Officers exited the unmarked police vehicle and NYPD Officer JONATHAN BOURNE approached the driver's side of Plaintiff KEMAR R. WHYTE's 2009[3] Mercedes Benz, equipped with "hands free Bluetooth technology," while NYPD Officer MARIO GUERRERO approached the passenger side of Plaintiff's vehicle.

15. Plaintiff KEMAR R. WHYTE asked NYPD Officer JONATHAN BOURNE why he was being pulled-over, as he had done nothing wrong, but NYPD Officer JONATHAN BOURNE did not respond to Plaintiff KEMAR R. WHYTE's question.

---

[2] The following is a summary.
[3] The Criminal Court Complaint incorrectly lists the vehicle Plaintiff was driving as a 2006 Mercedes Benz.

16. Plaintiff KEMAR R. WHYTE was asked for his driver's license and as he began to retrieve it, he again asked why he was being pulled-over.

17. NYPD Officer JONATHAN BOURNE continued to refuse to answer Plaintiff KEMAR R. WHYTE's question as to why he was being pulled over, but instead of simply responding to Plaintiff KEMAR R. WHYTE, NYPD Officer JONATHAN BOURNE physically removed Plaintiff KEMAR R. WHYTE from his motor vehicle, at which point Plaintiff KEMAR R. WHYTE's nine (9) year old son, K.W., who was in the back seat of the motor vehicle, began to cry hysterically.

18. As NYPD Officer JONATHAN BOURNE and NYPD Officer MARIO GUERRERO handcuffed Plaintiff KEMAR R. WHYTE and escorted him to their unmarked police vehicle, K.W. continued crying hysterically.

19. The defendants made no efforts to calm K.W.

20. Without Plaintiff KEMAR R. WHYTE's permission or consent, NYPD Officer JONATHAN BOURNE and NYPD Officer MARIO GUERRERO searched inside Plaintiff KEMAR R. WHYTE's vehicle, including inside of the center console, but did not find any contraband.

21. All the while, Plaintiff KEMAR R. WHYTE's nine (9) year old son remained in the back seat of the motor vehicle, crying hysterically and NYPD Officer JONATHAN BOURNE and NYPD Officer MARIO GUERRERO simply ignored him and did nothing to calm the child.

22. NYPD Officer JONATHAN BOURNE and NYPD Officer MARIO GUERRERO then radioed for assistance.

23. Another unmarked NYPD police vehicle arrived on the scene and NYPD Officer YMERI ARDIT and NYPD SGT. GEORGE TAYLOR exited their vehicle and then entered Plaintiff KEMAR R. WHYTE's motor vehicle as K.W. remained in the back seat of Plaintiff KEMAR R. WHYTE's 2009 Mercedes Benz, crying hysterically.

24. Without attempting to speak with or calm down nine (9) year old K.W., NYPD Officer YMERI ARDIT and NYPD SGT. GEORGE TAYLOR drove off in Plaintiff KEMAR R. WHYTE's 2009 Mercedes Benz, with K.W. in the back seat, crying uncontrollably.

25. NYPD Officer JONATHAN BOURNE and NYPD Officer MARIO GUERRERO drove KEMAR R. WHYTE to the 63rd Precinct in their unmarked police vehicle and NYPD Officer YMERI ARDIT and NYPD SGT. GEORGE TAYLOR drove Plaintiff KEMAR R. WHYTE's 2009 Mercedes Benz, with KEMAR R. WHYTE's (9) year old son, K.W., still in the back seat of KEMAR R. WHYTE's vehicle. Infant K.W. did not know that the "plain clothes" individuals driving his father's car were police officers and was now even more scared and traumatized, continuing to cry hysterically.

26. After being driven to the 63rd Precinct by NYPD Officer JONATHAN BOURNE and NYPD Officer MARIO GUERRERO, Infant K.W. arrived soon thereafter in KEMAR R. WHYTE's motor vehicle.

27. Once everyone was at the 63rd Precinct, NYPD Officer MARIO GUERRERO told Plaintiff KEMAR R. WHYTE to call someone to pick-up his 2009 Mercedes Benz and his son, K.W.

28. Plaintiff KEMAR R. WHYTE called a friend of his to pick up the 2009 Mercedes Benz and his son, K.W.

29. In the meantime, an officer searched the trunk of Plaintiff KEMAR R. WHYTE's 2009 Mercedes Benz, without the permission or consent of Plaintiff KEMAR R. WHYTE, but did not find any contraband.

30. Plaintiff KEMAR R. WHYTE spent about ten (10) hours at the 63rd Precinct where the officers charged him with violating NY PL§195.05, Obstructing Governmental Administration; NY PL§205.30, Resisting Arrest and NY VTL §1225C2A, Using a Mobile Phone While Driving.

31. Thereafter, Plaintiff KEMAR R. WHYTE was transported to Brooklyn Central Brooklyn Central Booking where he spent about twelve (12) hours before appearing for his arraignment before a Criminal Court Judge.

32. Once before a Criminal Court Judge, Plaintiff learned that he was only charged with violating NY VTL §1225C2A, Using a Mobile Phone While Driving and violating NY PL§195.05, Obstructing Governmental Administration.

33. Plaintiff KEMAR R. WHYTE was never issued a summons for violating NY VTL §1225C2A, Using a Mobile Phone While Driving.

34. At arraignment the matter was Adjourned in Contemplation of Dismissal.

35. Plaintiff KEMAR R. WHYTE had not been using his mobile phone while driving when he was stopped by NYPD Officer JONATHAN BOURNE and NYPD Officer MARIO GUERRERO, and in any event, Plaintiff KEMAR R. WHYTE's 2009 Mercedes Benz C300 is equipped with hands free Bluetooth technology, as is his mobile phone.

36. As a result of the foregoing, Plaintiff KEMAR R. WHYTE suffered an unlawful detention, loss of liberty, an assault and battery, emotional distress, fear, anxiety, humiliation, embarrassment and damage to his reputation.

37. Infant Plaintiff, K.W., suffered an unlawful detention, loss of liberty, severe emotional distress, extreme fear, extreme anxiety, and the humiliation and embarrassment associated with watching his father being handcuffed and arrested; and being separated from his father during his father's arrest.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §1983)

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "37" as if fully set forth herein.

39. All of the aforementioned acts of the defendants, their agents, servants and employees, including the arrest and detention of Plaintiffs KEMAR R. WHYTE and K.W. without probable cause or privilege, were carried out under the color of state law, and the interference with the Plaintiffs' rights to familial relations.

40. All of the aforementioned acts deprived Plaintiffs KEMAR R. WHYTE and K.W. of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments of the United States of America, and in violation of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures,

and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment 42 U.S.C. §1983)

44. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants seized, arrested and/or imprisoned plaintiffs KEMAR R. WHYTE and K.W. without probable cause, privilege or any other justification.

46. Defendants caused plaintiffs KEMAR R. WHYTE and K.W. to be deprived of their right to be free from false arrest and/or unlawful imprisonment.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. §1983)

47. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants caused Plaintiff to be criminally charged with violating NY PL§195.05, Obstructing Governmental Administration and violating NY VTL §1225C2A, Using a Mobile Phone While Driving. Plaintiff was never issued a summons for allegedly Using a Mobile Phone While Driving because his 2009 Mercedes Benz C300 is equipped with hands free Bluetooth technology, as is his mobile phone; and Defendants caused Plaintiff

to be charged with violating NY PL§195.05, Obstructing Governmental Administration for the collateral objective of covering up their act of abuse of authority during the arrest of the Plaintiff.

49. Defendants thereby caused plaintiff KEMAR R. WHYTE to be deprived of his right to be free from malicious abuse of process.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of First Amendment under 42 U.S.C. §1983)

50. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants detained and arrested KEMAR R. WHYTE and caused him to be charged with violating NY PL§195.05, Obstructing Governmental Administration and violating NY VTL §1225C2A, Using a Mobile Phone While Driving in retaliation for the exercise of his First Amendment right to, among other things, speak his mind and/or otherwise verbally question or challenge the police.

52. As a result of the foregoing, plaintiff KEMAR R. WHYTE's liberty was restricted for an extended period of time, he was put in fear of his safety and he was humiliated and arrested without probable cause.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Due Process/Interference with Familial Relations
and Integrity under 42 U.S.C. §1983)

53. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

9

54. Plaintiffs KEMAR R. WHYTE and K.W. have a constitutionally protected liberty interest to live together without governmental interference. The forced separation of parent from child, even for a short time, represents a serious infringement upon both the parents' and child's rights. Defendants' unlawful acts in this case forced the unwanted separation of KEMAR R. WHYTE and K.W., who was only nine (9) years old at the time of the incident.

55. As a result of the foregoing, plaintiffs' rights to familial integrity was infringed, and they were injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. §1983)

56. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

58. The defendants failed to intervene to prevent the unlawful conduct described herein.

59. As a result of the foregoing, plaintiff KEMAR R. WHYTE's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing without probable cause. In addition. K.W. was unlawfully seized and imprisoned.

60. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. §1983)

62. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "61" with the same force and effect as if fully set forth herein.

63. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64. As a result of the foregoing, plaintiffs were injured.

### AS AND FOR AN EIGTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. §1983)

65. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, a policy and practice of using police power and authority, to show who's boss and/or to retaliate against individuals who exercise their right to question police action, rather then for legitimate

law enforcement purposes. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs KEMAR R. WHYTE and K.W.'s rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs KEMAR R. WHYTE and K.W.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs KEMAR R. WHYTE and K.W.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs KEMAR R. WHYTE and K.W. as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KEMAR R. WHYTE detained and compelled to appear in criminal court.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs KEMAR R. WHYTE and K.W.'s constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiffs KEMAR R. WHYTE and K.W. of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from m false arrest;

    c. To be free from malicious abuse of process;

    d. To be free from retaliation for the exercise of free speech;

    e. To be free from interference with familial relations;

    f. To be free from failure to intervene.

74. As a result of the foregoing, plaintiffs KEMAR R. WHYTE and K.W. are entitled to compensatory damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

75. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "74" with the same force and effect as if fully set forth herein.

76. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

80. The action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

81. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "80" with the same force and effect as if fully set forth herein.

82. As a result of the foregoing, plaintiff KEMAR R. WHYTE was placed in apprehension of imminent harmful and offensive bodily contact.

83. As a result of the defendants' conduct, plaintiff KEMAR R. WHYTE has suffered mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

84. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants made offensive contact with plaintiff KEMAR R. WHYTE without privilege or consent.

86. As a result of defendants' conduct, plaintiff KEMAR R. WHYTE has suffered mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

87. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "86" with the same force and effect as if fully set forth herein.

88. Having taken custody of infant plaintiff, K.W., who was helpless to adequately aid or protect himself, defendants assumed a duty to assure his well-being during custody. Defendants breached that duty.

89. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

90. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

91. As a result of the aforementioned conduct, plaintiff, K.W. was injured.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest/False Imprisonment Under the Laws of the State of New York)

92. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendants arrested and/or imprisoned plaintiffs KEMAR R. WHYTE and K.W. without probable cause, privilege or any other justification.

94. Plaintiffs were detained or otherwise imprisoned due to the defendants' unlawful conduct, and plaintiff KEMAR R. WHYTE was subject to physical restraint.

95. As a result of the aforementioned conduct, plaintiffs KEMAR R. WHYTE and K.W. were unlawfully imprisoned in violation of the laws of the State of New York.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process Under the Laws of the State of New York)

96. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "95" with the same force and effect as if fully set forth herein.

97. Plaintiff was charged with violating NY PL§195.05, Obstructing Governmental Administration and Using a Mobile Phone While Driving for the collateral objective of covering up the defendants' abuse of authority.

98. As a result of the foregoing, plaintiff KEMAR R. WHYTE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury; plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring and Retention Under the Laws of the State of New York)

99. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "98" with the same force and effect as if fully set forth herein.

100. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the wrongful conduct described herein.

101. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision Under the Laws of the State of New York)

102. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in wrongful conduct described herein.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence Under the Laws of the State of New York)

104. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "103" with the same force and effect as if fully set forth herein.

105. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* Liability Under the Laws of the State of New York)

106.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "105" with the same force and effect as if fully set forth herein.

107.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

108.   As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury plus reasonable attorneys' fees, costs and disbursements of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against all defendants:

   a. Full and fair compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Reasonable attorneys' fees together with the costs and disbursements of this action; and

   d. Such other and further relief as appears just and proper.

Dated: September 15, 2018
   New York, NY

/s/
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
32 Broadway, Suite 811
New York, NY 10004

mredenburg@mjrlaw-ny.com  
1-212-240-9465 (Phone)  
1-917-591-1667 (Fax)